**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| CAMERON SHEROD MCDANIEL, 1305369, )<br>          Petitioner, )<br>)<br>v. )<br>)<br>RICHARD THALER, Director, Texas )<br>Dept. Of Criminal Justice, Correctional )<br>Institutions Division, )<br>          Respondent. ) | No. 3:09-CV-1595-P |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court. The Findings, Conclusions

and Recommendation of the Magistrate Judge are as follows:

**I.  Procedural Background**

Petitioner challenges his conviction for possession of a controlled substance – cocaine,

with intent to deliver. *State of Texas v. Cameron Sherod McDaniel*, No. F-0351230-MP (203rd

Dist. Ct., Dallas County, Tex., May 12, 2005). He was sentenced to thirty-five years

imprisonment. On June 14, 2007, his conviction and sentence was affirmed on direct appeal.

*McDaniel v. State*, No. 11-05-276-CR (Tex. App. – Eastland, 2007, no pet.).

On May 13, 2008, Petitioner filed a state application for writ of habeas corpus. *Ex parte*

*McDaniel*, No. 70,940-02. On January 21, 2009, the Court of Criminal Appeals denied the

petition without written order on the findings of the trial court after a hearing. On May 18, 2009,

Petitioner filed a second state habeas petition. *Ex parte McDaniel*, No. 70,940-03. On July 29,

2009, the Court of Criminal Appeals dismissed the application.

On August 21, 2009, Petitioner filed the instant petition. He argues:

1.  The trial court lacked jurisdiction over his case;

2.  He was denied the effective assistance of trial counsel when counsel:

    (a)  failed to file motions, present evidence and properly investigate the case;

    (b)  advised Petitioner to testify;

    (c)  failed to request a jury instruction on illegally obtained evidence;

    (d)  failed to subject the state's case to adversarial testing; and

    (e)  counsel's errors resulted in cumulative prejudice;

3.  The prosecutor knowingly introduced false testimony;

4.  Appellate counsel was ineffective for failing to raise issues on direct appeal;

5.  He is actually innocent;

6.  The trial court erred in overruling his motion to suppress;

7.  The trial court abused its discretion by allowing the state to re-open its case; and

8.  The prosecutor failed to disclose *Brady* material.

## II.  Factual Background

The following factual background is taken from the opinion of the Eleventh District

Court of Appeals.

On the evening of May 4, 2003, Officer Lorne Ahrens, Officer Starr, and Officer Jason Christopher Jarc were on patrol in southeast Dallas. Officer Starr knew that people were selling drugs at a vacant house at 2224 Cooper Street. Around 9:40 p.m., the officers hid in some bushes behind the house. Over a twenty-minute period, the officers observed eight individuals approach the back window and then leave in less than one minute. Officer Jarc testified that, in his years of experience as a police officer, he had witnessed many drug transactions and that what he and the other officers observed that evening was consistent with drug activity.

After seeing the eight people come and go from the house, the officers approached the next buyer at the window.  They asked the buyer to get down on the ground, and they waited at the window until the person in the house, appellant, approached.  When appellant got to the window, the officers yelled, "Police, Police!"  . . . Appellant ran to the back of the house with a pistol cradled in his right hand.  Officer Jarc shined a flashlight on appellant and yelled, "Police."  Appellant slammed the back door shut.  The two officers tried to push the door open.  Appellant let go of the door and ran back through the house.  The officers entered the house, and Officer Jarc picked up the gun that appellant had been holding in his hand before.  The gun was lying on the ground near the door.  It was later determined that the gun, a .38 caliber pistol, was loaded with five rounds of ammunition.

Officer Ahrens continued running after appellant and caught up to him near the front of the house.  Officer Jarc was following Officer Ahrens.  Officer Jarc saw appellant make a motion with his arm and then saw a bag fly; the contents of that baggie was later determined to be crack cocaine. . . . The officers searched the house and found that the only furniture in the house was a couch and a table.  An SKS assault rifle was found near the front door.  The officers retrieved a small baggie of marihuana and $1,067 in cash from appellant's person.  The officers found three other individuals in the house, and they were all arrested.

* * *

Appellant testified at trial that, on the day in question, he had gone to the house on Cooper Street to buy marihuana from his friend, Andre Holmes.  Appellant testified he bought two sacks of marihuana from Holmes and that they then smoked marihuana together in the front of the house on the couch.  Appellant testified that people were coming to the back of the house to buy drugs, that he did not sell any himself, and that the Cooper Street house was not his house. . . . Appellant testified that, fifteen or twenty minutes after he had been sitting with Holmes, they heard a "boom, boom" sound at the front door and then kicking sounds.  Appellant testified that he ran to the back of the house and someone was kicking in the door. . . . Appellant then ran from the door, and Officer Jarc came in, caught up with him, grabbed him, hit him on the head, and brought appellant to the ground.

Appellant testified that he did not have a gun, that he did not throw any dope, and that he did not have a thousand dollars in his pocket. . . .

The State called Holmes as a rebuttal witness.  Holmes testified that appellant told him to come to the new house that appellant had just moved into on Cooper Street.  Holmes testified that he was visiting appellant when the police showed up.  When the police came in the house, Holmes followed their commands go get down.  He heard sounds as the officers tried to detain appellant.  Holmes testified that, when the police asked who the drugs belonged to, appellant said, "It is mine, it's mine."  Holmes testified

that contrary to appellant's testimony, he did not attempt to flee through the back door or to keep the police from coming in the back door.

* * *

*McDaniel v. State*, No. 11-05-276-CR at 2-4.

## III.  Statute of Limitations

Respondent argues the petition is barred by the statute of limitations.  Respondent states the petition was due by August 24, 2009, but was not filed until August 27, 2009.  Petitioner did not date his petition, so Respondent used the Court's August 27, 2009, file stamp as Petitioner's filing date.  Petitioner, however, submitted a signed statement from prison official Whitfield that Petitioner delivered his petition to prison officials for mailing on August 21, 2009.  (Pet's Feb. 18, 2010, Resp. at Appendix.)  *See Spotville v Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (stating for purposes of AEDPA limitations purposes a federal petition is filed on the date it is placed in the prison mail system).  Petitioner's motion to proceed *in forma pauperis*, filed with his petition, was also dated August 21, 2009.  Respondent has failed to show the petition is barred by limitations.

## IV.  Procedural Bar

### A.      Procedurally Barred Claims

Respondent argues Petitioner's claim that the trial court erred in denying his motion to suppress is procedurally barred.  Petitioner raised this claim in his second state habeas petition. That petition was dismissed as a subsequent application.  Additionally, Respondent argues Petitioner's claim that the trial court abused its discretion by allowing the state to reopen its case is procedurally barred.  Petitioner did not raise this claim on direct review.  On state habeas review, the court found the claim should have been raised on direct review and was therefore

procedurally barred.  (*Ex parte McDaniel*, 70,940-02 at 89.)

      Federal courts may not review a state court decision that rests on an adequate and

independent state procedural default, unless the habeas petitioner shows cause for the default and

"prejudice attributable thereto" or demonstrates that the failure to consider the federal claim will

result in a "fundamental miscarriage of justice."  *Harris v. Reed*, 489 U.S. 255, 262 (1989).

When the last state court to review a claim clearly and expressly states that its judgment rests on

a procedural bar, the procedural default doctrine generally bars federal review.  *Id*; *Lowe v. Scott*,

48 F.3d 873, 875 (5th Cir. 1995).

      In this case, the Court of Criminal Appeals relied on a state procedural bar to deny

Petitioner's claims.  To overcome the procedural bar, a petitioner must demonstrate: (1) cause

for the procedural default and actual prejudice as a result of the alleged violation of federal law;

or (2) that failure to consider the claims will result in a "fundamental miscarriage of justice."

*Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997).

      Petitioner has shown no cause for the procedural default.  He has also failed to

demonstrate the need to prevent a miscarriage of justice.  This exception is "confined to cases of

actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the

crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999).  To establish the

required probability that he was actually innocent, a petitioner must support his allegations with

new, reliable evidence that was not presented at trial and must show it was more likely than not

that no reasonable juror would have convicted him in light of the new evidence.  *Id*. (citing

*Schlup v. Delo*, 513 U.S. 298, 327 (1995)).  Petitioner has presented no new, reliable evidence

showing that it was more likely than not that no reasonable juror would have convicted him.

Petitioner has not overcome the state procedural bar.  Accordingly, the procedural default

doctrine bars federal habeas relief on these claims.

**B.     Ineffective Assistance of Counsel**

Respondent also argues the following ineffective assistance of counsel claims are

procedurally barred because these claims were raised in Petitioner's second state habeas

application, which was dismissed as a subsequent application:  (1) Petitioner received ineffective

assistance of trial counsel because counsel failed to request a jury instruction on illegally

obtained evidence; (2) Petitioner received ineffective assistance of counsel because counsel

failed to have the baggies with the cocaine tested for finger prints; and (3) trial counsel's

cumulative errors rendered his trial fundamentally unfair.  Under the Supreme Court's recent

decision in *Martinez v. Ryan*, 566 U.S. __, (2012), the Court determined that the absence of

counsel on initial habeas review can constitute cause for the failure to raise ineffective assistance

of counsel claims on initial collateral review.  In this case, although Petitioner may have

established cause for the procedural default, he has failed to show that his underlying ineffective

assistance of counsel claims have any merit.  *See Martinez*, 566 U.S. at ___, No. 10-1001, slip

op. at 11 ("To overcome the default, a prisoner must also demonstrate that the underlying

ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner

must demonstrate that the claim has some merit.").

First, Petitioner was not entitled to a jury charge on illegally obtained evidence.  He

argues the officers did not have a warrant to search the vacant house.  Petitioner, however,

testified that he did not live at the house and did not own the house.  (Trial Tr. Vol. 3 at 208,

228.)  He therefore had  no standing to contest the search because he had no reasonable

expectation of privacy in the vacant house.  *Rawlings v. Kentucky*, 448 U.S. 98 (1980).  As to

Petitioner's claim that his counsel was ineffective for failing to have the baggies tested for

fingerprints, he has failed to show this evidence would have been favorable to the defense.  Last,

as discussed below, Petitioner has failed to raise any meritorious ineffective assistance of

counsel claims.  His claim of cumulative error is therefore without merit.  Petitioner has

therefore failed to overcome the procedural default for these claims.

## V.   Discussion

## 1.     Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the

AEDPA), 28 U.S.C. § 2254 provide:

> (d)     An application for writ of habeas corpus on behalf of a person in custody pursuant
> to the judgment of a state court shall not be granted with respect to any claim that
> was adjudicated on the merits in State court proceedings unless the adjudication
> of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the
> Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of
> the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d).  Under the "contrary to" clause, a federal habeas court may grant the

writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the

United States Supreme Court on a question of law or if the state court decides a case differently

from the United States Supreme Court on a set of materially indistinguishable facts.  *Williams v.*

*Taylor*, 529 U.S. 362, 380-84 (2000).  Under the "unreasonable application" clause, a federal

court may grant a writ of habeas corpus if the state court identifies the correct governing legal

principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.  *Id*.

## 2.      Jurisdiction

Petitioner argues the trial court lacked jurisdiction over his case because he was not tried in the same court in which he was indicted, and there was no valid order transferring his case to the trial court.   Petitioner raised this claim on state habeas review.  The Court of Criminal Appeals denied the claim.  Where the question of sufficiency of the indictment is presented to the highest state court of appeals, then the issue is foreclosed in federal habeas proceedings. *Evans v. Cain*, 577 F.3d 620, 624 (5th Cir. 2009) (citing *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994)).  This claim should be denied.

## 3.      Ineffective Assistance of Counsel

Petitioner claims he received ineffective assistance of trial and appellate counsel.  To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689.  Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice.  To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors."  *Crane v. Johnson*, 178 F.3d

309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694).  "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong."  *Id*.  "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'"  *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

### A.     Motions

Petitioner argues his counsel was ineffective for failing to file a motion for an examining trial and a motion to suppress.

### 1.     Examining Trial

Under Texas law, a defendant in a felony case is entitled to a pre-indictment examining trial.  TEX. CODE CRIM. PROC. art. 16.01.  A primary purpose of an examining trial is to determine if there is probable cause to hold a defendant for trial.  *State ex. rel. Homes v. Salinas*, 784 S.W.2d 421, 424 (Tex. Crim. App. 1990) (citations omitted).  The right to an examining trial terminates upon return of an indictment.  *Id*.

In this case, the grand jury returned the indictment on August 7, 2003.  (Clerk's Record at 3-4.)  Petitioner did not retain his counsel until August 26, 2003.  (Appx. to Court Opinion at 4).  Petitioner's right to an examining trial therefore expired before he retained counsel.  Additionally, Petitioner has made no showing that had his counsel filed a motion for examining trial, the court would have found insufficient probable cause to hold him over for trial.  This claim should be denied.

### 2.     Motion to Suppress

Petitioner argues his counsel was ineffective for failing to file a motion to suppress.  The record shows, however, that defense counsel did file a motion to suppress.  (Trial Tr. Vol 3 at

143.)  After a hearing on the motion, the Court denied the motion.  (*Id.*)  To the extent Petitioner argues his counsel should have made different arguments to support the motion, he has failed to state what different or additional arguments his counsel should have made.  Petitioner's claim should be denied.

    B.    **Evidence**

    Petitioner argues his counsel was ineffective for failing to present evidence that defendant "was at residence", and "concealed the fact that his client lacked care, control and custody of the drugs."  (Pet. at 7, Pet. Appx. at 2.)

    Petitioner provides no evidence or explanation regarding his claim that he was "at residence."  It appears he is arguing he was at his residence at not at the scene of the crime.  He has submitted no evidence or affidavits to contradict the officer testimony at trial that he was at the scene of the crime.  This claim should be denied.

    Petitioner has likewise failed to explain how his counsel "concealed the fact" that he lacked care or custody of the drugs.  Defense counsel cross-examined Officer Jarc on his claim that he saw Petitioner with the drugs and gun in his hand trying to flee the scene.  (Trial Tr. Vol. 3 at 75-78.)  Petitioner has failed to show his counsel tried to conceal any evidence that Petitioner lacked custody or control of the drugs.

    C.    **Investigate/Adversarial Testing**

    Petitioner argues his counsel was ineffective because he "failed to investigate evidence put before the Grand Jury fraudulent in nature to true bill."  (Pet. at 7.)  Petitioner does not state what evidence he claims was fraudulent, what investigation his counsel should have performed or how such an investigation would have a reasonable probability of changing the results of his

trial.  Petitioner also claims his counsel failed to put the state's case to adversarial testing.  He

fails to offer any evidence to substantiate his claim, or offer any specific examples.  These claims

are conclusory and should be denied.  *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)

(emphasizing that mere conclusory allegations do not raise constitutional issues in habeas

proceedings).

### D.      Testify

Petitioner argues his counsel was ineffective for advising him to testify at trial.  He states

his prior convictions were admitted during the guilt phase of his trial because he testified.

The record shows Petitioner testified that he understood that by testifying, his prior

offenses would be admitted.  (Trial Tr. Vol. 3 at 195).  He also testified that his trial counsel

explained to him the "risk factor in terms of what a jury might think."  (*Id.*)

In deciding to testify, Petitioner was able to explain to the jury that he went to the vacant

house to purchase a small amount of marijuana, but that he did not purchase or sell cocaine.  (*Id.*

at 206, 208.)  He also testified that he did not have a gun or any drugs besides the marijuana

when officers arrived on the scene and arrested him.  (*Id*. at 208-209, 218.)  The defense had no

other witness that testified to these issues.  Petitioner has failed to show that if his counsel

advised him to take the stand, that the advice was deficient and that he suffered the required

prejudice.

### E.      Appellate Counsel

Petitioner argues his appellate counsel was ineffective because he failed to argue that: (1)

trial counsel was ineffective; (2) the police lacked probable cause for a warrantless search and

seizure; and (3) the trial court abused its discretion by allowing the state to reopen its case to call

rebuttal witness Andre Holmes.

Appellate counsel did raise the search and seizure claims on direct appeal.  This claim should be denied.  Petitioner failed to exhaust the claim that his appellate counsel was ineffective for failing to argue that the trial court abused its discretion by allowing the state to reopen its case.  Petitioner failed to raise this issue in direct appeal or on state habeas review.   He has failed to show cause and prejudice for his failure to raise this claim.  This claim is therefore procedurally barred.

As to any remaining claim that appellate counsel was ineffective for failing to argue that trial counsel was ineffective, Petitioner has failed to establish any meritorious ineffective assistance of trial counsel claims.  These claims should therefore be denied.

**4.     Prosecutorial Misconduct/Brady**

Petitioner argues the prosecutor committed misconduct by knowingly offering perjured testimony.  Petitioner claims the state knowingly used false testimony from co-defendant Andre Holmes, and promised Holmes probation for his testimony.  (Pet. at 7.)  He states the prosecutor did not disclose that Holmes had been offered immunity for his testimony in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

The Supreme Court has determined that a defendant's due process rights are violated when the government knowingly uses perjured testimony to obtain a conviction.  *Napue v. Illinois*, 360 U.S. 264, 269 (1959); *see also*, *Creel v. Johnson*, 162 F.3d 385, 391 (5th Cir. 1998) ("A state denies a criminal defendant due process when it knowingly uses perjured testimony at trial or allows untrue testimony to go uncorrected.  The defendant must show that (1) the testimony was false, (2) the state knew it was false, and (3) the testimony was material.").

Further, to establish a *Brady* claim, Petitioner must show that the prosecution suppressed favorable, material evidence that was not discoverable through due diligence. *Brady*, 373 U.S. at 87. Evidence is "material" if there is a "reasonable probability" that the outcome of the trial would have been different had the evidence been disclosed to the defendant. *United States v. Freeman*, 164 F.3d 243, 248 (5th Cir. 1999).

At trial, the state called Holmes to testify as a rebuttal witness. Holmes stated he was testifying freely and voluntarily and that he was not promised anything in exchange for his testimony. (Trial Tr. Vol. 3at 255-56, 266.) Holmes's testified that he went to the vacant house around 7:30 or 8:00 p.m. and that he and Petitioner sat on the porch and talked. (*Id*. at 258.) He said he was not aware of any drugs at the location, and he did not see Petitioner with a gun. (*Id*. at 258-259.) He also testified as follows:

> PROSECUTOR: Do you remember being back there with Mr. Martin and myself and when you said the police asked whose drugs it was, and you heard the defendant say, It is mine, it's mine?
>
> HOLMES: I heard him say, It was mine. I didn't hear them say whose drugs it was. He just said, It is mine, it's mine, okay I am through.

(*Id*. at 262.)

On state habeas review, Petitioner submitted a statement from Holmes stating that he testified falsely that Petitioner was at the crime scene when he arrived. (Pet. at 5.) His statement is unclear, but he also seems to state that he testified falsely that Petitioner said the drugs at the scene were his. (*Id*.) Holmes states he was coerced into testifying falsely by his attorney and the assistant district attorneys and that he was promised a lighter sentence for his testimony. (*Id*.)

On state habeas review, Holmes's defense counsel, the assistant district attorneys prosecuting Petitioner's case, and the assistant district attorney who prosecuted Holmes's case

all submitted affidavits responding to Holmes's claims.   They each stated there was no offer of

leniency, or any other offer, in exchange for Holmes's testimony.  (*Ex parte McDaniel*, No.

70,940-02 at 93-96.)  Holmes was charged with unlawful possession of a firearm by a felon.  The

prosecutor on Holmes's case stated that Holmes's first trial date was reset.  On the second trial

date, the state's key witness was not available because he was caught in a hail storm.  (*Id*. at 82.)

Instead of trying to reset the case again, she offered Holmes a plea agreement of two years.  (*Id*.)

    Petitioner has failed to show that the state court's decision to deny these claims was an

unreasonable application of federal law or an unreasonable determination of the facts.  These

claims should be denied.

**6.      Actual Innocence**

    Petitioner argues he is entitled to relief because he is actually innocent.  A free-standing

claim of actual innocence, however, does not state a basis for federal habeas relief.  *Herrera v.

Collins*, 506 U.S. 390, 400 (1993).  This claim should be denied.

**7.      Summary**

    Petitioner is lawfully restrained because he has failed to prove that he has been denied a

constitutionally protected interest.  Accordingly, the state courts' determination to deny relief is

not contrary to or does not involve an unreasonable application of clearly established federal law

and is not based on an unreasonable determination of the facts in light of the evidence presented

in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2254 be DENIED.

Signed this 4th day of April, 2012.


_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the

briefing before the magistrate judge is not specific.  Failure to file specific written objections will

bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except upon grounds of plain

error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).